## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

AMBAC ASSURANCE CORPORATION,

      Plaintiff,

      v.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY, *et al.*,

      Defendants.

Civil No. 16-1893 (PAD)

## OPINION AND ORDER[1]

Delgado-Hernández, District Judge.

Before the court is Ambac Assurance Corporation's motion requesting a temporary restraining order against the Puerto Rico Highways and Transportation Authority ("PRHTA") and the Economic Development Bank of Puerto Rico ("EDC") (Docket No. 15). For the reasons explained below, the motion is DENIED.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On May 16, 2016, Ambac filed an amended and verified complaint alleging that PRHTA is in dire financial distress (Docket No. 14). As particularly relevant to the motion at hand, it asserts that at the beginning of April 2016 PRHTA entered into an agreement with Autopistas Metropolitanas de Puerto Rico LLC ("Metropistas") to extend by ten years a lease for two toll highways, and to reduce its allocated share of toll revenues generated through the public-private partnership in exchange for a one-time payment of $115 Million by Metropistas. It states that on May 13, 2016, the Governor of Puerto Rico announced that the proceeds from the concession extension will be used

---

[1] The case was assigned to the undersigned on May 18, 2016, at 3:37 p.m.

to pay local Commonwealth contractors unrelated to PRHTA. Id. at ¶ 4.

Concerned about the Governor's announced intent, on May 16, 2016, Ambac promptly moved for a temporary restraining order to enjoin defendants from paying, transferring, assigning, conveying, or otherwise alienating any funds generated by the concession extension with Metropistas. To that end, it averred that the funds generated from that transaction were initially deposited in PRHTA's account with the EDB. But because it believes that the EDB intends to transfer away those funds for purposes other than for the benefit of PRHTA, Ambac requests that the court issue an order requiring the funds to remain on deposit in PRHTA's account at the EDB, pending disposition of the motion for a preliminary injunction (Docket No. 16). Even more, at Docket No. 24, it filed a "Motion to Supplement Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction," stating that on May 17, 2016, the Governor signed Executive Order 2016-018 declaring a state of emergency for PRHTA pursuant to the Emergency Moratorium and Financial Rehabilitation Act, and suspended application of future PRHTA toll revenues to its bond obligations. Id. at p. 2.

## II.     STANDARD OF REVIEW

To determine whether to issue a temporary restraining order, the court applies the same analysis used to evaluate a request for a preliminary injunction. Bourgoin v. Sebelius, 928 F. Supp. 2d 258, 267 (D. Me. 2013). By extension, when deciding a motion for a temporary restraining order, a district court weighs four factors: "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing the injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest." Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012)(citing Jean v. Massachusetts State Police, 492 F.3d 24, 26-27 (1st Cir. 2007)).

Even though all four factors are important, likelihood of success on the merits is the "touchstone of the preliminary injunction inquiry." Boston Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 11 (1st Cir. 2008). "To demonstrate likelihood of success on the merits, plaintiffs must show more than mere possibility of success - rather, they must establish a strong likelihood that they will ultimately prevail." Sindicato Puertorriqueño de Trabajadores, 699 F.3d at 10 (internal citations omitted). If the moving party cannot demonstrate that it is likely to succeed in its claim, the other factors become irrelevant to the court's inquiry. Id.

## III.    DISCUSSION

Leaving aside for the moment potential jurisdictional problems,[2] careful examination of all of the materials filed to date suggests likely breach of contractual obligations, infringement of fiduciary duties, non-responsive and evasive replies to legitimate information requests, and potential harm to bondholders due to diversion of revenue to pay for non-PRHTA debt and commitments. It does not, however, demonstrate that Ambac is likely to succeed in connection with the specific remedy requested at Docket No. 15.

Ambac acknowledges that under Section 17 of Act No. 29-2009, P.R. Laws Ann. tit. 27 §§ 2601-2623, "the Governor, rather than PRHTA, controls the allocation of the consideration received

---

[2] Jurisdiction was invoked pursuant to diversity of citizenship under 28 U.S.C. § 1332 (Docket No. 14 at ¶ 14). Ambac asserts to be a Wisconsin corporation with principal place of business in New York. Id. at ¶ 9. Because it is an insurer, prior to subrogation the real party in interest may be the bondholders (e.g. the insured). See, Cornhusker Casualty Co. v. O'Neill Plumbing Co., 143 Fed.Appx. 762, 763, 2005 WL 1793352 (9th Cir. 2005)(holding that there was no subject matter jurisdiction where the real party in interest in an insurance subrogation action was the insured party and there was no complete diversity between the insured party and the defendant); Federal Ins. Co. v. Your Homework, Inc., 280 F.Supp.2d 844, 845 (N.D. Ill. 2003)(holding that the insured's citizenship had to be considered to determine existence of diversity jurisdiction to the extent that insureds were also real parties in interest); Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1546 (3d ed. 2016)("The general rule in the federal courts is that if the insurer has paid the entire claim, it is the real party in interest and must be sue in its own name. If no money or enforceable promise to pay money has been advanced, then there has not been any subrogation and the insured remains the real party in interest. . . . An insurer who pays a part of the loss is only partially subrogated to the rights of the insured"). And there has been no indication of what those bondholders' citizenship is.

under the concession agreement" (Docket No. 15-1 at p. 5).  It states it does not challenge the terms

of the concession extension, and does not seek relief that would have the effect of unwinding the

concession extension (Docket No. 14 at ¶ 1).

On this account, Ambac requests that the court order defendants to leave the proceeds of the

concession extension in PRHTA's accounts notwithstanding the Governor's statutory authority to

reallocate those funds when that authority is not under challenge here.  In consequence, it has not

established that, at this point, it has any right over the proceeds of the concession agreement.

## IV.    CONCLUSION

In light of the above, Ambac's request for a temporary restraining order (Docket No. 15) is

DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of May, 2016.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE